IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

CARLOS HOLLOWAY                                                              PETITIONER

VERSUS                                              CAUSE NO. 2:13-cv-49-KS-MTP

DERRICK MINGO, Warden                                                        RESPONDENT

## MEMORANDUM OPINION

This matter is before the Court, *sua sponte*, for consideration of dismissal. Petitioner Holloway, an inmate of the Marion/Walthall Correctional Facility, Columbia, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. As directed by this Court, Petitioner filed on May 7, 2013, a response [10] regarding the exhaustion of his administrative remedies as well as additional information concerning the instant petition. Upon review of the Petitioner's pleadings and applicable case law, the Court finds this petition [1] should be dismissed for failure to exhaust.

## Background

Petitioner was convicted in the Circuit Court of Marion County, Mississippi. Pet's Resp. [10-2]. Petitioner was sentenced in December 2000 to 15 years with eight suspended. Pet. [1] at 1. In July 2006, Petitioner was released on probation and remained on probation until December 2010. Pet's Resp. [10] at 1. On April 2, 2011, after receiving a revocation hearing, Petitioner's probation was revoked. Pet's Resp. [10-2] at 1-6. According to Petitioner's argument, which is based on the transcript of his revocation hearing, even though he was initially ordered at the revocation hearing to serve his suspended sentence of eight years, the state court judge later in the hearing informed Petitioner that he would subtract the time he served on probation from the "eight that he had to serve." *Id.* Petitioner now complains in the instant civil habeas petition

that he is being required to serve the "whole sentence" and the Mississippi Department of Corrections is not "hon[o]ring what the Judge said." Pet. [1] at 5.

This Court entered an order [4] on April 9, 2013, directing Petitioner to file a written response to specifically state if he has exhausted his available state court remedies, including the filing of an administrative remedies request. Petitioner filed his response [10] on May 7, 2013, wherein he states that he has not filed a grievance with the MDOC Administrative Remedy Program regarding his claims because a legal representative informed him "that filing a A.R.P. could not get my earned time."

Analysis

As required by *Haines v. Kerner*, 404 U.S. 519 (1972), this Court has liberally construed Petitioner's allegations and determined that this petition for habeas relief shall be dismissed for Petitioner's failure to exhaust his state remedies.

It is a fundamental prerequisite to federal habeas relief that a Petitioner exhaust all of his claims in state courts prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir.1995), *cert. denied*, 116 S.Ct. 715 (1996). Title 28, Section 2254 of the United States Code provides in part as follows:

> (b)(1) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that—
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * * * * * * *

> (c) An applicant shall not be deemed to have exhausted the
> remedies available in the courts of the State, within the meaning of
> this section, if he has the right under the law of the State to raise,
> by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner in order to provide the state courts with a fair opportunity to consider and pass upon the claims. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Applicants seeking federal habeas relief under § 2254 are required to exhaust all claims in state court prior to requesting federal collateral relief." *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir.1999).

Notwithstanding the information Petitioner received from a legal representative, this Court finds that Petitioner has an available procedure to challenge the calculation of his sentence by the Mississippi Department of Corrections, including an available procedure with the state courts for an inmate to appeal a final decision rendered by the MDOC Administrative Remedy Program. *See* Miss. Code Ann. §§ 47-5-801 to -807 (1972), as amended; *Stokes v. State,* 984 So.2d 1089 (Miss. Ct. App. 2008)(inmate appealed MDOC's denial of administrative remedy regarding calculation of his sentence); *Lee v. Kelly*, 34 So.3d 1203, 1205 (Miss. Ct. App. 2010)(inmate appealed MDOC's denial of administrative remedy regarding earned time credit). Since Petitioner clearly states that he has not pursued his claims through the MDOC Administrative Remedy Program or appealed an adverse decision of MDOC with the state courts, this habeas corpus petition will be dismissed for failure to exhaust his available state remedies.

A Final Judgment in accordance with this Memorandum Opinion will be issued this date.

This the 22nd day of May, 2013.

                                 *s/Keith Starrett*
                                 UNITED STATES DISTRICT JUDGE